# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON RUTH SPENCER, | NO. CV 13-9409-SJO (JEM) |
| Petitioner, | |
| v. | ORDER DISMISSING PETITION AND DENYING A CERTIFICATE OF APPEALABILITY |
| PEOPLE OF THE STATE OF CALIFORNIA, | |
| Respondent. | |

On December 20, 2013, Sharon Ruth Spencer ("Petitioner") filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), pursuant to 28 U.S.C. § 2254, challenging her conviction and sentence in Los Angeles County Superior Court Case No. 9WA02455. (Petition at 1-10).

## DISCUSSION

"The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Maleng v. Cook (Cook), 490 U.S. 488, 490, 109 S.Ct. 1923, 1925 (1989) (per curiam) (quoting 28 U.S.C. § 2241(c)(3); emphasis in original); see also 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). The "in

custody" requirement is jurisdictional, and "requir[es] that the habeas Petitioner be 'in custody' under the conviction or sentence under attack at the time [her] petition is filed." Cook, 490 U.S. at 490-91, 109 S.Ct. at 1925; Bailey v. Hill, 599 F.3d 976, 978-79 (9th Cir. 2010). This is because the writ of habeas corpus functions primarily to secure immediate release from illegal physical custody. Preiser v. Rodriguez, 411 U.S. 475, 484, 93 S.Ct. 1827, 1833 (1973); Carafas v. LaVallee, 391 U.S. 234, 238, 88 S.Ct. 1556, 1560 (1968); see also Fay v. Noia, 372 U.S. 391, 430-31, 83 S.Ct. 822, 844 (1963), overruled on other grounds, Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546 (1991) (Habeas corpus "lies to enforce the right of personal liberty; when that right is denied and a person confined, the federal court has the power to release him. Indeed, it has no other power[.]").

Here, Petitioner challenges court proceedings brought against her in Los Angeles County Superior Court Case No. 9WA02455. (See Petition at 1-10). On March 1, 2010, a jury convicted Petitioner of petty theft with a prior (Cal. Penal Code §§ 484/666). (See Petition at 2). On April 30, 2010, Petitioner was placed on summary probation for 36 months. (See Petition at 2). Petitioner filed the instant Petition over three and a half years after the three-year probationary sentence was imposed on her in Los Angeles County Superior Court Case No. 9WA02455. As such, Petitioner was not "in custody" pursuant to Los Angeles County Superior Court Case No. 9WA02455 at the time she filed the instant Petition. See Henry v. Lungren, 164 F.3d 1240, 1241 (9th Cir.), cert. denied, 528 U.S. 963 (1999) ("Henry was *released* before he filed the petition that is before us. Because of this circumstance, there is no custody from which he could be released.") (emphasis in original).

## CERTIFICATE OF APPEALABILITY

A state prisoner seeking to appeal a district court's final order in a habeas corpus proceeding must obtain a Certificate of Appealability ("COA") from the district judge or a circuit judge. 28 U.S.C. § 2253(c)(1)(A). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2); accord Williams v. Calderon, 83 F.3d 281, 286 (9th Cir.), cert. denied, 517 U.S. 1183 (1996). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution

of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 1034 (2003); see also Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04 (2000).

When a district court dismisses a petition on procedural grounds, the reviewing court should apply a two-step analysis, and a COA should issue if the petitioner can show both: (1) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling[;]" and (2) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right[.]" Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

The Court is dismissing the Petition without prejudice because Petitioner is clearly not "in custody" for purposes of establishing the Court's habeas jurisdiction. As such, Petitioner cannot make the requisite showing "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 478, 120 S.Ct. at 1600-01.

Based on the foregoing, IT IS ORDERED THAT the Petition is **dismissed without prejudice** and a Certificate of Appealability is **denied**.

DATED: March 27, 2014.

*S. James Otero*

_____
S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

3